Joseph J. O'DONOHUE, IV, Plaintiff,

v.

The FIRST NATIONAL BANK OF PHIL-ADELPHIA, individually and/or trustee, etc., Defendant and Counterclaimant for Interpleader,

Louis G. Cohen and Magbeth D. Cohen, Joseph Hoffman and Freda Hoffman, Julian R. Wilheim and Lois E. Wilheim, Claimants, Additional Defendants.

United States of America, Intervenor.

Civ. A. 15341.

United States District Court
E. D. Pennsylvania.
Sept. 25, 1958.

William L. Matz, Philadelphia, Pa., and Newell Clapp, Washington, D. C., for plaintiff.

William Barclay Lex, and John Norris, Philadelphia, Pa., for Bank.

Robert K. Greenfield, Philadelphia, Pa., for Cohens.

Julian R. Wilheim, Washington, D. C., and Harry Norman Ball, Philadelphia, Pa., for Wilheims.

Arthur R. Littleton, Asst. U. S. Atty., Philadelphia, Pa., for the United States.

VAN DUSEN, District Judge.

### I. History of The Case and Statements of Facts

On June 5, 1953, Joseph J. O'Donohue, IV, instituted this action against The First National Bank of Philadelphia (now The First Pennsylvania Banking and Trust Company), hereinafter called the "bank," individually and as trustee under a Trust Deed dated 4/15/48, alleging that payments made by the bank, claimed to be under the terms of certain

assignments, were improper and also seeking to recover certain funds in the bank's custody as trustee. The moving party in instituting the action was Julian R. Wilheim, Esq., acting under an irrevocable power of attorney for the named plaintiff, and Mr. Wilheim engaged Mr. Clapp, of the District of Columbia Bar, as his trial attorney.[1] The bank thereupon interpleaded Julian R. Wilheim, Lois Wilheim, the Hoffmans, and the Cohens as claimants to the same funds and paid the funds, which, with subsequent accretions, aggregated $9,-600, into the registry of the court.

The case was listed for trial on three separate dates (May 17, 1955, November 29, 1955, and October 8, 1956) and continued at the request of counsel at calendar calls in February and April 1956. On the morning of October 8, 1956, when the case was called for trial, the following counsel stated that they represented the following parties:

William L. Matz, Esq., for the plaintiff

Harry Normal Ball, Esq., for Lois E. Wilheim

William Barclay Lex, Esq., for the First Pennsylvania Banking and Trust Company

William T. Adis, Esq., for Louis G. & Magbeth D. Cohen

Arthur R. Littleton, Esq., for the United States of America

After a conference in chambers, at which counsel for plaintiff requested the court to delay the start of the trial until the next morning so that plaintiff's Washington, D. C., counsel, Newell Clapp, Esq., and Julian R. Wilheim (representing himself) could be present, a jury was sworn and the trial was recessed until the next morning.

At the opening of court on October 9, 1956, all of the above counsel were present except for Mr. Littleton. In addition, Newell Clapp, Esq., was present for plaintiff and Julian R. Wilheim, Esq., appeared representing himself. It was also stated to the trial judge that Robert K. Greenfield, Esq., was appearing as an observer. At a conference in chambers, the parties stated that they thought they could settle the case and the trial judge stated "* * * in the event counsel have not been able to settle the matter by 2:30 p. m. * * * they will be prepared to go forward with the trial at that time * * *." About 11 a. m., counsel returned to the court room and moved for the withdrawal of a juror on the ground that "the case has been settled in a manner satisfactory to all parties." It was also stated that counsel were "preparing a stipulation which will take a day or two to get completed * * * (but) that will terminate the case."

The trial judge then said: "And that is agreeable to all counsel who are present; am I correct in that?" Mr. Wilheim answered: "That is correct, Your Honor." A juror was withdrawn and the case was marked settled on the Clerk's docket.

On March 13, 1958, Robert K. Greenfield, Esq., entered his appearance for Louis G. and Magbeth D. Cohen. In March of 1958, counsel were given notice by Robert K. Greenfield, Esq., as attorney for Louis G. and Magbeth D. Cohen, that there would be presented to the court for approval on March 20, 1958, an order for disposition of the $9,600 in the registry of the court and for entry of judgment in favor of the bank, with prejudice. The proposed order was supported by a motion, to which there was attached an agreement dated July 29, 1957, signed by all the parties to this action, except for the bank and the United States of America, which agreement contains the following language in paragraphs 1 and 2:

"1. The sum of ninety-six hundred ($9,600.00) Dollars or more on deposit with the District Court of the United States as aforesaid is to be disbursed as follows:

---

1. See N. T. 30 and 31 of 6/4/58 hearing. Mr. Matz has acted as local attorney for the plaintiff.

"(a) To the United States of America on account of the lien filed by it against O'Donohue $ 400.00

"*(b) Julian Wilheim, Esq., on account of his claim* (see below) 375.00

*(c) Harry Norman Ball, Esq. for services 525.00

'(d) Zoob and Matz, Esqs., for distribution as follows: to J. J. O'Donohue $750; balance on account of fee and costs of Zoob and Matz and Newell Clapp, Esq. 1,600.00

*(e) Louis G. Cohen and Magbeth D. Cohen—balance remaining in said account.

"2. Upon payment of said sums, a verdict shall be entered in favor of The First National Bank of Philadelphia and The First Pennsylvania Banking and Trust Company in their trust and individual capacities."

Julian R. Wilheim, Esq., requested a continuance of the proposed presentation of the order to the court on the ground that his commitments as a trial attorney for the Civil Division, U. S. Department of Justice, precluded his appearance until after April 18, 1958 (page 3 of Document No. 52 in the Clerk's file). At the sole request of Mr. Wilheim, the hearing on the motion was continued and was set for June 4, 1958, being the next date feasible for all other counsel and the court.[2] Meanwhile, on March 31, 1958, Julian R. Wilheim, Esq., filed with the court a Memorandum opposing the Motion of March 20, 1958, and on April 2, 1958, counsel for Joseph J. O'Donohue, IV, filed an Answer opposing this Motion in part. At the conclusion of the June 4 court session, the hearing was adjourned until June 6, 1958. At the conclusion of the June 6 session, the hearing was adjourned and, at the request of Mr. Wilheim, recommenced again on July 22, 1958, on which date the taking of testimony was concluded. At the request of

Mr. Wilheim, oral argument was heard on July 29, 1958.

On July 21, 1958 (one day before the final hearing date), Mr. Wilheim filed the following motions:

A. Motion of Additional Defendant Julian R. Wilheim For Leave To File Additional Answer or Defense to Motion For Entry of Judgment For Disposition of $9,600.00 Now Held In Registry of Court (Document No. 56 in Clerk's file).

B. Motion of Additional Defendant Julian R. Wilheim To Drop Parties As Not Real Parties In Interest (Document No. 57 in Clerk's file).

C. Motion of Additional Defendant Julian R. Wilheim To Dismiss on Grounds That Louis G. Cohen and Magbeth D. Cohen, Claimants, Are Not Real Parties In Interest (Document No. 58 in Clerk's file).

The claimants Cohen have filed Answers to these Motions (Documents Nos. 61–63 in Clerk's file). The bank has filed a Memorandum stating its position (Document No. 64 in Clerk's file).

On the basis of the record of what took place in court and in chambers on October 8 and 9, 1956, and the record made at the hearings of June 4, 6, and July 22, 1958, the hearing judge also makes these findings of fact:

■ The counsel present in court on October 8 and 9, 1956, concluded a settlement agreement which provided for the distribution of the $9,600 in the registry of the court in accordance with the above-quoted paragraph 1 of the July 29, 1957, agreement and with the proposed decree attached to the motion of the claimants Cohen. This agreement also provided that the bank would not seek any fee from the $9,600 paid into court, and the suit instituted against the bank by plaintiff O'Donohue (acting by direction of Julian R. Wilheim, Esq.) should be dismissed with prejudice. Julian R. Wilheim, Esq., and the parties allied with him (by relationship or through his control under an irrevocable power of attorney, such as his wife and plaintiff O'Don-

2. Exhibits CO–1 to 4 cover the correspondence concerning this June 4 hearing.

ohue) have failed to prove their contention that the bank agreed at the settlement discussions on October 8 and 9, 1956, that it would not claim any legal or other fees for work resulting from this suit for which Julian R. Wilheim, Esq., is responsible. Mr. Lex, a very accurate witness and the most accurate witness to testify in this proceeding, gave clear and convincing testimony that there was no discussion whatever while he was present on October 8 and 9, 1956, of the contention now made by Julian R. Wilheim, Esq., that the bank agreed not to charge any fees for any services from the trust from which the funds in the court registry originated.[3] Mr. Greenfield's testimony is consistent with that of Mr. Lex on this point (N.T. 24 of 6/4/58). Mr. Matz's testimony is consistent with Mr. Lex's position that the agreement was that there would be no other claims against the $9,600 except those listed in paragraph 1 of the agreement of July 29, 1957. Although Mr. Matz testified that all parties agreed that there would be no other claims against the "estate fund," the hearing judge finds that the most persuasive evidence indicates that this agreement related to the $9,600 fund only.[4]

After consideration of the positions taken by Mr. Wilheim in this proceeding since March 1, 1958, the corrections which he himself had to make in his own testimony (e. g., N.T. 4–6 of 6/6/58), and the inaccuracies in the papers filed by him, as well as in his testimony, the hearing judge concludes that his testimony is of very little weight. Samples of such inaccuracies are attached hereto

as Exhibit A. It is also significant that Mr. Wilheim, personally, is interested in the outcome of this litigation, particularly as the result of his irrevocable power of attorney from the plaintiff and the interest with which it is coupled.[5]

■ Julian R. Wilheim's contention that the settlement agreement should be set aside because of misrepresentations made to him at the time he agreed to its terms is also not supported by the evidence (see par. 3, pp. 3–5, of Memorandum marked Document No. 54 in Clerk's file). Mr. Wilheim states that since plaintiff had a general release from Samuel A. Cohen, Mr. Wilheim would not have agreed to the settlement if he had known, as he originally contended in his Memorandum (par. 3 of Document No. 54 in Clerk's file), that Samuel A. Cohen was the real party in interest. At the trial, Mr. Wilheim's own letter of 5/11/51 (Exhibit C–7) had shown that he knew, as early as that date, that Mr. Goldstein (rather than Samuel A. Cohen) was making the monthly payments to Louis G. and Magbeth D. Cohen. The evidence disclosed that Mr. Goldstein, and not Samuel A. Cohen, had the primary interest in the claim being prosecuted in the name of the Cohens, so that the general release was immaterial. The hearing judge finds Samuel A. Cohen's statement that he had no interest in the subject matter of the action is accurate (see Exhibit C–5 and N.T. 72 of 6/6/58 hearing). It is noted that Mr. Wilheim did not produce as witnesses Mr. Clapp, Mr. Ball, or Mr. Matz, all of whom were present at the settlement negotiations in October 1956, to support his contention

3. Paragraph 1(a) of the Memorandum filed April 2, 1958 (Document No. 54 in Clerk's file) states that "One of the most important terms of the purported settlement was that no counsel fees whatever or costs in the action would be claimed or charged against plaintiff * * * by defendant (bank) * * *."

4. In paragraph 4 of his Answer filed April 8, 1958, Mr. Matz only states that a counsel fee for the bank's counsel "was not contemplated, discussed or agreed to

by any of the parties * * * at the time of settlement." This is far different from Mr. Wilheim's present contention that an agreement by the bank not to ask for any fees from any source was a condition of the settlement. It is most unlikely that the bank would have agreed to a collateral undertaking such as Mr. Wilheim contends in order to settle this suit.

5. Mr. Wilheim's wife is also interested in the outcome of this litigation.

that misrepresentations were made at that time.

There are attached hereto the brief of the bank and the supplemental brief of claimants Cohen, which point out other examples of failures in Mr. Wilheim's proofs.

## II. Conclusions of Law

1. The court has jurisdiction of the parties and the subject matter.

2. The settlement agreement described above is binding on all the parties to this action and the Order attached to the Motion filed March 20, 1958 (Document No. 53 in Clerk's file), is in accordance with the legal rights arising from that agreement. Julian R. Wilheim, Esq., is not entitled to rescind the settlement agreement.

3. The Motion of Julian R. Wilheim For Leave To File Additional Answer or Defense (Document No. 56 in Clerk's file), which was filed July 21, 1958 (one day before the last day set for taking testimony and after the first two days of the hearing—i. e., June 4 and 6, 1958), must be denied as being untimely.[6] See McLouth Steel Corp. v. Mesta Machine Co., D.C.E.D.Pa.1953, 116 F. Supp. 689, 691, affirmed 3 Cir., 1954, 214 F.2d 608, certiorari denied 1954, 348 U.S. 873, 75 S.Ct. 109, 99 L.Ed. 687; United States v. Aetna Cas. & Surety Co., 1949, 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171; cf. Yorkshire Ins. Co. v. United States, 3 Cir., 1948, 171 F.2d 374.

4. The Motions of Julian R. Wilheim to Drop Louis G. and Magbeth D. Cohen as parties (Document No. 57 in the Clerk's file) and To Dismiss on Grounds That Such Parties Are Not Real Parties In Interest (Document No. 58 in the Clerk's file) must be denied. See Exhibit B attached hereto and made a part of this Conclusion of Law.[7]

See Order attached to Document No. 53 in the Clerk's file.

## Exhibit A

### Sample Inaccuracies of Julian R. Wilheim, Esq.*

1. Julian R. Wilheim, Esq., contends at page 2 of his Motion for Continuance (Document No. 52 in Clerk's file) that "When the action was called for trial * * * in October 1956, additional defendant Julian R. Wilheim was present and ready for trial." The notes of testimony show that Mr. Wilheim was not present in court on October 8 when the case was called for trial and the jury sworn, but finally appeared on October 9.

2. Julian R. Wilheim, Esq., contended in paragraph 3 of his Memorandum filed April 2, 1958 (Document No. 54 in Clerk's file) that it was represented to him in October 1956 during the settlement negotiations that Louis G. and Magbeth D. Cohen were real parties in interest, whereas Robert K. Greenfield, Esq., called by Mr. Wilheim, testified positively that no such representation was made (N.T. 24 of hearing of 6/4/58).

---

6. Mr. Wilheim had reason to know that Mr. Goldstein (and possibly Mr. Samuel Cohen) was the real party in interest prior to the institution of this suit in 1953 (see Exhibit C–7, being his letter of May 11, 1951). He had information concerning this Additional Answer and Defense prior to the first listing of the basic Motion of Claimants Cohen for March 20, 1958, which hearing was continued at his request and finally set for June 4, 1958. No reason has been shown why this Motion could not have been filed in the 2½-month period between March 20 and June 4, much less why it was not filed until one day before the last scheduled hearing date of July 21, 1958.

7. Also, both these Motions were filed July 21, 1958, and, for the reasons set forth in footnote 6 above, they are untimely. See cases cited in Conclusion of Law No. 3.

* Mr. Wilheim appears to have based his opposition to the settlement on suspicions which he was unable to prove. Without doubting his good faith, one may wonder whether an attorney does not have a duty to the court to refrain from attacking a settlement which he has approved in open court, unless he has stronger evidence to support his position. If the court's conclusions are correct, his attitude has placed a great and unnecessary burden on the court, as well as on the parties.

Mr. Wilheim failed to produce testimony from Mr. Clapp, Mr. Matz, or Mr. Ball to substantiate his testimony, even though they were all present at these negotiations.

3. In paragraph 3(f) of the Memorandum marked Document No. 54, Mr. Wilheim states that "Claimants had been paid the sum of $18,005. by said Samuel A. Cohen * * *." Mr. Wilheim also testified to this effect on June 4 (N.T. 35). Exhibit C-3 shows that two weeks prior to filing this Memorandum, Mr. Wilheim had information indicating that Mr. Goldstein (not Samuel A. Cohen) had paid the claimants Cohen. Yet Mr. Wilheim excluded this from his Memorandum, even though the fact was that Mr. Goldstein, and not Mr. Cohen, was the real party in interest (see N.T. 19 and 72 of June 6 hearing and Exhibit C-5). Mr. Wilheim's own testimony on this was changed during the course of the hearings (see N.T. 18 and 20–21, transcript of June 6 hearing).

4. Mr. Wilheim gave considerable testimony (N.T. 9 and 12 of June 6 hearing) that he believed Mr. Greenfield represented the Cohens during the October 1956 settlement discussions, but he never mentioned that the transcript of the court proceedings on October 8 and 9, 1956, showed that Mr. Adis represented the Cohens and Mr. Greenfield appeared as an observer.

## Exhibit B
### Sur Motion To Dismiss and Motion To Drop Parties

Additional defendant Julian R. Wilheim has filed a motion to drop claimants Louis G. Cohen and Magbeth D. Cohen as parties to this action (Document No. 57 in Clerk's file) and has also moved to dismiss said defendants' Answer to Counterclaim and Motion for Entry of Judgment on the ground that said parties are not real parties in interest (Document No. 58 in Clerk's file).

This action was commenced on June 5, 1953, by plaintiff Joseph J. O'Donohue, IV, against defendant, The First National Bank of Philadelphia. Said defendant brought a counterclaim action, as a result of which Louis and Magbeth Cohen were added to the record as parties defendant on February 12, 1954. Lois and Julian R. Wilheim were made parties defendant on December 8, 1954.

Additional defendants Louis and Magbeth Cohen filed their Answer to the Counterclaim in 1955, and in March 1958, they moved for entry of judgment on the basis of a settlement agreement reached in October 1956. Mr. Wilheim moves for the dismissal of both these pleadings and for their being dropped from the record on the ground that they ceased to be the real parties in interest to this suit on March 23, 1956, and that they made an assignment of their interest in the present litigation on March 28, 1956. Defendant Wilheim relies on Rules 17(a) and 21, F.R.Civ.P., 28 U.S.C.A., to support said motions.

Both of these motions should be denied. The Rule of Civil Procedure applicable to the present situation is Rule 25(c) which states:

"In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party * * *."

The rights of all parties in this action are protected without requiring substitution or joinder of the transferee.[1] The hearing judge does not believe any purpose would be served in granting these motions at this late stage in the proceedings.[2] This action may be continued by Louis and Magbeth Cohen, since it would be undesirable to substitute other parties in their stead at the present time.

---

1. The reason for this rule and a discussion of the rights and duties of transferees not parties of record is found in Vol. 4, Moore's Federal Practice, **pp.** 526–8.

2. See the reasons and authorities referred to in Conclusions of Law 3 and 4 above.