**FEDERAL DEPOSIT INSURANCE CORPORATION, in its Corporate Capacity and as Receiver of Franklin National Bank, Plaintiff,**

v.

**Laurence A. TISCH, Tisch Hotels, Inc., Loews Corporation, Loew's Theatres, Inc., Lawton General Corp. and Loew's Hotels, Inc., Defendants.**

**No. 78 Civ. 1444.**

United States District Court, E. D. New York.

Feb. 27, 1981.

Barrett, Smith, Schapiro, Simon & Armstrong, New York City, for FDIC & Sol Neil Corbin, as Trustee in Bankruptcy of Franklin New York Corp.

· Wachtell, Lipton, Rosen & Katz, New York City, for defendants.

## MEMORANDUM AND ORDER

PLATT, District Judge.

Plaintiff, Federal Deposit Insurance Corporation ("FDIC"), in its corporate capacity and as receiver of the Franklin National Bank, moves pursuant to Fed.R.Civ.P. 25(c) to join as a party plaintiff Sol Neil Corbin, the trustee in bankruptcy of the Franklin New York Corporation ("FNYC") and the assignee of the FDIC's claims against the defendants herein. Defendants have cross-moved to dismiss the action for lack of subject matter jurisdiction or, in the alternative, for a stay of this action until the conclusion of the suit of *Corbin v. Tisch*, Index No. 11911/78 pending in Supreme Court, New York County.

### I

This action is one of the numerous splinter lawsuits occasioned by the collapse of the Franklin National Bank in 1974. Background facts are set forth in this Court's prior opinion in the related case of *In re Franklin National Bank Securities Litigation*, 445 F.Supp. 723 (E.D.N.Y.1978). Familiarity therewith is assumed for the purpose of this opinion.

Briefly, this particular action deals with a sale in July 1972 of FNYC common stock from defendant Loews to Fasco International Holdings, S.A., a company owned by Michele Sindona. In this action, commenced on July 6, 1978, the FDIC claims that defendants withheld from Mr. Sindona material adverse inside information relating to Franklin National Bank's condition and obtained a price for FNYC stock above its fair market value; that defendants sold control of FNYC to Mr. Sindona for which they received an illegal premium and that defendants failed to investigate the propriety of Mr. Sindona as a purchaser, breaching FNYC's fiduciary duties to Franklin National Bank. *See* Complaint, ¶¶ 11–19, 20–27, 28–32. Federal jurisdiction was derived under 12 U.S.C. § 1819, which grants to the FDIC the power to sue and be sued in the United States District Courts.

On August 14, 1978, Mr. Corbin, as trustee of FNYC, commenced suit against these same defendants in New York State Supreme Court, alleging virtually the same claims as are asserted here. A motion by defendants for summary judgment is currently pending in that action.

On July 25, 1980, an Assignment Agreement was entered into between the FDIC and the trustee. Under the terms of that agreement, the FDIC agreed to assign to the trustee all right, title and interest in any and all claims which have been or might be asserted against defendants in this action. In consideration of the assignment, the FDIC has retained an interest in the proceeds to the extent of 10% of any recovery in excess of Mr. Corbin's legal expenses plus one million dollars.

It is this assignment that gives rise to the instant motions. Plaintiff seeks to join the trustee, as an interested party, as a party plaintiff. Defendants claim that in view of the assignment, this Court no longer has subject matter jurisdiction over this lawsuit. In the alternative, defendants, who oppose the trustee's litigating his claims in federal court, ask us to abstain from entertaining this suit until the resolution of the State Court action.

II

A motion under Rule 25(c) for joinder or substitution of a party after suit has been commenced is addressed to the sound discretion of the court, taking into account all the exigencies of the situation. *McComb v. Raw River Lumber Co.*, 177 F.2d 129 (9th Cir. 1949). In passing on such a motion, it is within the power of the court to continue the action in its original posture, to order substitution of the party to whom interest has been transferred, or to join the transferee as a party. *See, e. g., E.I. duPont de Nemours & Co. v. Lyles and Lang Construction Co.*, 219 F.2d 328 (4th Cir. 1955); *Sun-Maid Raisin Growers v. California Packing Corp.*, 273 F.2d 282 (9th Cir. 1959). The decision to order substitution or joinder is to be made by considering how the conduct of the lawsuit will be most facilitated; it in no way affects the substantive rights of the transferor or transferee. *Television Reception Corp. v. Dunbar*, 426 F.2d 174 (6th Cir. 1970).

In view of the fact that although the FDIC has assigned its claims against defendants to the trustee it nonetheless has retained an interest in the outcome of the litigation, we find that substitution of the trustee for the FDIC is unwarranted. However, in light of the assignment, and since the trustee in any event will be bound by any determination had herein, *see O'Donohue v. First National Bank,* 166 F.Supp. 233 (E.D.Pa.1948), we conclude that joinder of the trustee is proper. Since both assignor and assignee are still real parties in interest, participation in this lawsuit by representatives of both is the most efficient way to insure that all issues will be fully litigated.

Defendants contend that by virtue of the FDIC's assignment of its claims to the trustee, the statutory basis for federal subject matter jurisdiction has disappeared. This argument fails for two reasons. In the first instance, federal jurisdiction properly obtained at the outset of an action is generally unaffected by the joinder or substitu-

tion of a transferee pendente lite. *See* J. W. Moore, *Federal Practice* ¶ 25.08; *Fred Harvey, Inc. v. Mooney*, 526 F.2d 608 (7th Cir. 1975). Although the situation arises far more frequently where jurisdiction is founded on diversity of citizenship which is later lost upon a transfer of interest, there is authority for holding, and indeed it is the better rule of law, that successors in a suit originally brought by a federal agency may continue to litigate in federal court. *See Jones v. Proctorville*, 303 F.2d 311 (6th Cir. 1962); *Hood v. Bell*, 84 F.2d 136 (4th Cir. 1936). Second, by retaining a substantial interest in the outcome of the lawsuit, the FDIC, despite the assignment of its claims against defendants to the trustee, remains an interested party whose continued participation in the suit is anticipated by our decision to join, as opposed to substitute, the trustee. Therefore, the rationale behind the grant of subject matter jurisdiction in 12 U.S.C. § 1819 is still entirely applicable to this suit, albeit in its new posture.

Finally, defendants have asked us to stay this suit pending the outcome of the trustee's State Court action. We decline such an abstention for the following reasons. First, this suit is prior in time to the State Court action. Second, there is no evidence other than the recently filed summary judgment motion, that the parties have been actively engaged in prosecuting or defending that suit. Third, whereas in that suit only the trustee and defendants are before the Court, in this action, all parties with an interest in the outcome may participate and finally settle these claims which, as all sides concede, mirror those pending in the State Court. Of course, nothing herein should be construed as restraining any party, seeking to avoid concededly duplicative efforts, from seeking a stay of the State Court action in that forum.

### III

In view of the foregoing, plaintiff's motion to join Sol Neil Corbin, as trustee of FNYC, as a party plaintiff in this action is granted. Defendants' motions to dismiss the action for lack of subject matter jurisdiction or, in the alternative, for a stay of this action must be, and hereby are, denied.

So ordered.