**Robert N. WILLIAMS and Patricia M. Williams, Plaintiffs-Appellants,**

v.

**A.L. BISHOP, et al., Defendants-Appellees.**

No. 83–8579.

Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

May 21, 1984.

Peter G. Williams, Columbus, Ga., for plaintiffs-appellants.

J. Willard Register, Columbus, Ga., for A.L. Bishop.

Marion Nelson Jones, Columbus, Ga., for W. Royster and B. Royster.

Before HILL and HENDERSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

This is an appeal from a summary judgment entered by the district court for two of three defendants named in the appellants' suit. The action was brought to set aside a conveyance that resulted from a foreclosure by Bishop of property owned by the Williamses. The Williamses claimed that they had been defrauded by having been lulled into a belief by Bishop, who held a mortgage on their property, that he would not immediately foreclose, that he would buy the property in a foreclosure sale, if one was had, and that he would divide any profit made by reason of a subsequent sale with them. The property was later bid in by Bishop and then sold by him to the Roysters for a sum in excess of $50,000 above the cost to him.

The trial court found in favor of the Roysters, the ultimate purchasers, on their motion for summary judgment because it found that they had no knowledge or participation in any of the acts charged against Bishop. The court ordered a judgment to be entered in their favor. However, he did not enter the finding required under Rule 54(b) F.R.C.P. to the effect that there was no cause for delay.[1] Upon entry of the judgment in favor of the Roysters, there still remained pending in the district court the Williams claim against Bishop and the Roysters counterclaim against the

---

1. Rule 54(b) provides:

*Judgment Upon Multiple Claims or Involving Multiple Parties*

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or a third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of a judgment.

Williamses. It is clear, therefore, that the summary judgment favoring the Roysters was a judgment for "fewer than all the claims or parties." Since our jurisdiction lies from a "final judgment" we are without jurisdiction over this appeal. *Travelers Indemnity Co. v. Ericksons, Inc.,* 396 F.2d 134 (5th Cir.1968).

The appeal is DISMISSED.