Robert E. PENTON, Sr.,
Plaintiff–Appellee,

v.

POMPANO CONSTRUCTION CO., INC., and Futch Leasing, Inc.,
Defendants,

Futch Construction, Inc.,
Defendant–Appellant.

No. 90–5469.

United States Court of Appeals,
Eleventh Circuit.

May 29, 1992.

Gail Leverett, Miami, Fla., for defendant-appellant.

Darryl J. Tschirn, Metairie, La., for plaintiff-appellee.

Before TJOFLAT, Chief Judge, EDMONDSON, Circuit Judge, and DYER, Senior Circuit Judge.

PER CURIAM:

We lack jurisdiction in this case under 28 U.S.C. § 1291 (1990) because we do

not have a final judgment terminating the case as to all of the claims and parties. *Williams v. Bishop*, 732 F.2d 885, 886 (11th Cir.1984). Specifically, the district court did not dispose of the plaintiff's, Robert E. Penton, Sr.'s (Penton), claims against one of the three defendants, Pompano Construction Company, Inc. The district court did dispose finally of Penton's claims against the appellant, Futch Construction, Inc. (Futch), awarding him $210,000 in damages. The district court, however, did not enter this judgment pursuant to Fed. R.Civ.P. 54(b) (1990), so as to render the judgment appealable under section 1291.

Rather than dismiss this appeal, we stay our hand to permit Penton to obtain from the district court a final judgment against Futch, pursuant to Fed.R.Civ.P. 54(b). We give Penton, or Futch in his stead, thirty days to obtain that judgment. If a Rule 54(b) judgment is entered within that time *and* Futch takes a new appeal, this court shall consolidate that appeal with the instant appeal and, without further briefing, forthwith dismiss the current appeal and dispose of the new appeal on the merits.

IT IS SO ORDERED.