[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11966
Non-Argument Calendar
_____

D.C. Docket No. 0:10-cv-60703-WJZ


R.S.B. VENTURES, INC.,
a Florida corporation,

        Plaintiff - Counter Defendant - Appellant,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION,
as Receiver for Florida Community Bank,

        Defendant - Counter Claimant - Cross Claimant - Appellee,

NANCY M. BISCHELL,
individually,
RICHARD J. ORENSTEIN,
individually,
MICHAEL D. ORENSTEIN,
individually,
FLORIDA COMMUNITY BANK,
a banking institution,

        Defendants- Appellees,

ISAAC MIZRAHI, et al.,

      Cross Defendants,

RADC/CADC VENTURE 2010-2, LLC,
as Receiver for Florida Community Bank,

      Counter Claimant - Cross Claimant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 25, 2013)

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

This case presents questions of jurisdiction, procedure, and substantive law

concerning an award of $144,965 in attorney's fees in a foreclosure proceeding

involving the Federal Deposit Insurance Corporation as receiver (FDIC). For the

reasons that follow, we affirm in part and reverse in part.

## I.  BACKGROUND

In January 2008, Florida Community Bank (FCB), as lender, and R.S.B.

Ventures, Inc. (RSB), as borrower, entered into a $9,687,500 real estate loan

agreement and a purchase money mortgage. Isaac Mizrahi and his wife, Veronica

Motiram-Mizrahi, guaranteed the loan. In January 2010, the Florida Office of

Financial Regulation closed FCB. The FDIC was then approved as receiver to

2

recover the maximum amount possible from the disposition of FCB's assets, and to pursue its claims.

In April 2010, RSB filed a complaint in Florida state court seeking to rescind the loan transaction on the bases of fraud, conspiracy, breach of fiduciary duty, and unjust enrichment. In May 2010, the FDIC removed the matter to federal court. The FDIC filed a counterclaim against RSB and a crossclaim against the Mizrahis, among others, suing to foreclose on the mortgage and security agreement, to recover on the promissory note, and to recover from the Mizrahis as guarantors.

Approximately one year later, the FDIC moved to substitute RADC/CADC Venture 2010-2, LLC (RADC) as counter-plaintiff and cross-plaintiff. The FDIC remained a defendant with respect to RSB's amended complaint. Apparently RSB had difficult retaining counsel, and on July 21, 2011, after numerous warnings from the district court to obtain representation, the district court sua sponte issued an order that: (1) dismissed RSB's amended complaint; (2) struck RSB's amended answer and affirmative defenses to the FDIC's counterclaims and crossclaims; and (3) entered a default against RSB pursuant to Federal Rule of Civil Procedure 55(a). It then directed RADC to "submit to the lower court a Motion for Default Final Judgment on its Counterclaim and Crossclaim." On August 15, 2011, RADC's counsel filed motions for a final default judgment and attorney's fees

owed for work done for the FDIC and RADC, as the FDIC and RADC had used the same counsel. RADC and the FDIC sought $144,965 in fees.

On October 24, 2011, the district court entered its default final judgment for foreclosure against RSB. The court also entered an order staying the case so that it might retain jurisdiction on the issues of attorney's fees and RADC's counterclaims/crossclaims against the Mizrahis.[1]

On February 8, 2012, the district court entered an order granting RADC's motion for attorney's fees. Fifty-nine days later, on April 9, 2012, RSB filed a notice of appeal from the attorney's fee award. RADC moved to dismiss the appeal on timeliness grounds, which we have carried with the case and will address in this opinion. We also issued two jurisdictional questions to the parties: (1) whether the remaining cross-claims against the Mizrahis, stayed by the district court, render the order awarding attorney's fees non-final and non-appealable; and (2) whether the order granting attorney's fees is collateral from the merits of the case, such that the order is immediately and separately appealable.

---

[1] In the event that a foreclosure sale does not satisfy RSB's debt, RADC will seek a deficiency judgment against the Mizrahis to recover the debt's unpaid balance.

4

## II.  ANALYSIS

### A.  Jurisdiction

#### 1.  Timeliness

We begin with the jurisdictional issues.  In its motion to dismiss this appeal, RADC argues that RSB filed its notice of appeal in an untimely manner.  RSB filed its notice 59 days after the district court's order, relying on Federal Rule of Appellate Procedure 4(a)(1)(B), which permits filing within 60 days of an order in cases where the United States is a party.  This was a mistake, RADC argues, because RSB's appeal was governed by the generally applicable rule in civil appeals, Federal Rule of Appellate Procedure 4(a)(1)(A), which provides that a notice of appeal in civil cases must be filed with the district clerk within 30 days of an order.  RADC's argument rests on the assumption that the United States, through the FDIC, is no longer a party in this action.

We disagree.  Although the FDIC substituted RADC for itself in this action, the FDIC was not dismissed and retains an interest in the litigation.   A small amount of background will clarify the FDIC's relationship with RADC.

The FDIC, as receiver for failed financial institutions, will often form a limited liability company (LLC), to which assets from the failed institution—in

this case, FCB—are conveyed.[2]  The FDIC, which at that point holds 100% of the equity in the LLC, solicits bids from private investors for equity interests in the LLC.  After a private investor purchases a percentage in the LLC, the FDIC transfers management responsibilities to its private partner to take advantage of the private investor's expertise.  In this case, the FDIC holds a 50% interest in RADC, and retains the right to vote its ownership interest.  In light of the foregoing, we conclude that the United States remains a real party in interest in this litigation. *See, e.g.*, *Fed. Deposit Ins. Corp. v. Tisch*, 89 F.R.D. 446, 449 (E.D.N.Y. 1981) (holding that despite assigning its claims to a trustee in a bankruptcy proceeding, the FDIC remained an interested party in the litigation for purposes of retaining jurisdiction in federal court).  Accordingly, RSB's notice of appeal was timely under the 60-day rule.  RADC's motion to dismiss is denied.

## 2.  The "Collateral Order Doctrine"

RADC's next argument is that the district court's order is not appealable by virtue of Federal Rule of Civil Procedure 54(b), which provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

---

[2] As requested by RADC, for purposes of this appeal we take judicial notice of the information found on the FDIC's website.  *See* FDIC Structured Transaction Fact Sheet, https://www.fdic.gov/buying/financial/factsheet.html (last visited, Feb. 26, 2013).

6

RADC contends that because the order awarding attorney's fees did not expressly determine that there was "no just reason for delay," it is not appealable. It cites two cases in support of this proposition: *Vann v. Citicorp Savings of Illinois*, 891 F.2d 1507 (11th Cir. 1990) (per curiam), and *Williams v. Bishop*, 732 F.2d 885 (11th Cir. 1984) (per curiam).

In those cases, the orders on appeal were a directed verdict and a summary judgment order. *See Vann*, 891 F.2d at 1508; *Williams*, 732 F.2d at 885. In both cases, we held that we lacked jurisdiction to hear appeals from decisions that did not resolve all of the parties' claims. *See Vann*, 891 F.2d at 1510; *Williams*, 732 F.2d at 886. In neither case did the district court make a determination under Rule 54(b) that there was "no just reason for delay." RADC attempts to apply that rationale to the current order on appeal. But a critical difference exists between the *Vann* and *Williams* orders and the order on this appeal: the order awarding attorney's fees does not address the merits of this case, whereas the *Vann* and *Williams* orders did. It is for this reason that the "collateral order doctrine" exists.

Although generally we only hear appeals from final decisions, *see* 28 U.S.C. § 1291, it is well-settled that when orders awarding attorney's fees are separate and collateral to the merits of the case, they may be appealed under the "collateral order doctrine." *See Haitian Refugee Ctr. v. Meese*, 791 F.2d 1489, 1494 (11th

7

Cir.) (holding that an order awarding attorney's fees was appealable because it was "separate and collateral to the litigation on the merits"), *vacated in part on other grounds by* 804 F.2d 1573 (11th Cir. 1986); *see also LaChance v. Duffy's Draft House, Inc.*, 146 F.3d 832, 836–37 (11th Cir. 1998) (noting that "attorney's fees [are] always a collateral issue").

Orders awarding attorney's fees belong to a "small class [of decisions] which finally determine claims of right separate from, and collateral to, rights asserted in the action." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 69 S. Ct. 1221, 1225–26 (1949). Therefore, the February 8, 2012 order granting RADC's motion for attorney's fees is final and appealable under § 1291. We find the situation in *Brandon, Jones, Sandall, Zeide, Kohn, Chalal & Musso, P.A. v. MedPartners, Inc.*, distinguishable, because in that case the party appealed an order that, among other things, retained jurisdiction to award attorney's fees. *See* 312 F.3d 1349, 1355 (11th Cir. 2002) (per curiam). As we pointed out, "an order that leaves a substantive fees issue pending cannot be 'final.'" *Id.* Here, on the other hand, the attorney's fees are not a pending issue; they have been determined and awarded. Thus, we find that we have jurisdiction to hear this appeal. We now move on to RSB's substantive arguments.

## B.  The Attorney's Fees Award

Normally, we review an award of attorney's fees for abuse of discretion. *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1304 (11th Cir. 2001).  RADC correctly notes that because RSB did not challenge the district court's findings in the proceedings below, we must apply the "civil plain error rule."  *See In re Lett*, 632 F.3d 1216, 1226–27 (11th Cir. 2011).  Under this standard, we will only consider an issue if it is purely legal and would result in a miscarriage of justice. *Id.* at 1227.  Although RSB presents six issues in its initial brief, in reality there are two: whether RADC could file a motion for attorney's fees incurred by itself and the FDIC; and whether the attorney's fees award can be enforced through a writ of execution.  We find that the first issue requires us to apply the "civil plain error rule," because RSB did not raise the issue in the district court proceedings.  As to the second issue, we will apply the abuse of discretion standard because RSB had no opportunity to raise the issue.

### 1.  Attorney's Fees Incurred by the FDIC

Federal Rule of Civil Procedure 54(d)(2)(A) provides that "[a] claim for attorney's fees and related nontaxable expenses must be made by motion."  Because the FDIC did not file a motion for its attorney's fees, RSB argues, it cannot recover from RADC's motion.  From May 3, 2010, to August 3, 2011, the law firm of Garbett, Stiphany, Allen & Roza, P.A. (GSAR) worked for the FDIC

9

and then for RADC as the substituted party.  Neither RADC nor RSB cites a single opinion from any court that confronts the question of whether the FDIC needed to move separately for attorney's fees in this situation.  Independent research likewise yields no result.  We concede that while it might have been the technically correct procedure for FDIC to file a separate motion for attorney's fees, we in no way think that this error—if it even was one—resulted in a miscarriage of justice.  The memorandum filed by RADC in support of its motion for attorney's fees recounts in painstaking detail the work done by GSAR for both the FDIC and RDAC.  RSB was on notice for every billable hour of work done by GSAR, and RSB had every opportunity to respond to the memorandum.  It did not.  We hardly think that this situation constitutes a miscarriage of justice.

## 2.  Enforcement of the Attorney's Fees Award

We do find merit, however, in RSB's final argument.  According to the mortgage agreement, "counsel fees and expenses of the Mortgagee incurred in any action or proceeding" should be "added to the mortgage debt and secured by all the provisions contained therein."  The district court erred, RSB contends, by allowing execution to issue on the attorney's fees instead of including them in the foreclosure judgment.

We review this decision by the district court under the abuse of discretion standard. We do so because RSB had no opportunity to object to this part of the district court's order, as RADC's motion for fees did not request this type of relief.

We agree with RSB that the mortgage agreement's plain language requires that the attorney's fees awarded to RADC be added to the foreclosure judgment. The mortgage agreement requires this result, and it was an abuse of the district court's discretion to do otherwise. We therefore reverse the district court for the limited purpose of adding the attorney's fees award to the foreclosure judgment rather than letting execution issue on it. The district court is also directed to reserve jurisdiction in the event that RADC seeks a deficiency judgment after the foreclosure sale.

**AFFIRMED in part, REVERSED in part.**