**BACHE & CO., INC., Plaintiff-Appellee,**

v.

**William J. TAYLOR, Jr., et al.,
Defendants-Appellants.**

No. 71-2533

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 6, 1972.

Rehearing Denied May 9, 1972.

Fred A. Jones, Jr., Miami, Fla., for defendants-appellants.

Fowler, White, Hunkey, Burnett, Hurley & Banick, Michael J. Cappucio, Miami, Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

 Plaintiff, BACHE & CO., instituted this action in June of 1970 in a federal district court in Miami, Florida, against defendants, William J. Taylor, Jr., C. Sue Burnstein, and Kenneth Burnstein, seeking recovery upon a promissory note and compensatory and punitive damages for common law fraud and for alleged violations of federal and state securities fraud statutes. Pursuant to Rule 37 of the Federal Rules of Civil Procedure, the district court entered default judgments against all of the defendants because of their willful disobedience of the district court's orders. Judgment was entered in favor of the plaintiff and against all of the defendants in all respects, except that the trial of the cause was continued to determine the amount of compensatory and punitive damages to be assessed against the defendants. After the default judgment was entered, the defendants appealed therefrom. Since the trial judge made no determination in compliance with F. R.Civ.P. 54(b), we must dismiss the appeal on the basis that the default judgments entered against the defendants are subject to alteration by the lower court

* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of

New York, 5 Cir., 1970, 431 F.2d 409, Part I.

until it disposes of all the claims against all of the parties. *See* Benada Aluminum Products Co. v. Home Insurance Co., 5 Cir. 1966, 368 F.2d 1001.

Appeal dismissed.