891 F.2d 1507
 15 Fed.R.Serv.3d 761
 Edwin L. VANN, Plaintiff-Counterclaim Defendant-Appellant,
v.
CITICORP SAVINGS OF ILLINOIS, as successor to Glen Ellyn
Savings and Loan Association,
Defendant-Counterclaim Plaintiff-Appellee,
John F. Rosch, Defendant-Appellee,
McRea, Inc., et al., Defendants.
Richard Ingman, Counterclaim-Defendant.
 No. 88-3981.
 United States Court of Appeals,
Eleventh Circuit.
 Jan. 16, 1990.
 
 J. David Pobjecky, Pros. Atty., Winter Haven, Fla. and Phillip E. Kuhn, Pros. Atty., Lakeland, Fla., for Edwin L. Vann.
 John Franklin Rosch, Glen Ellyn, Ill., pro se.
 David I. Herbst, Portes, Sharp, Herbst, Kravets & Fox, Ltd., Chicago, Ill. and Todd A. Cowart, Hermelee, Cowart & Minkin, P.A., Miami, Fla., for Citicorp Sav. f/k/a Glen Ellyn Sav.
 Appeal from the United States District Court for the Middle District of Florida.
 Before KRAVITCH and CLARK, Circuit Judges, and ATKINS*, Senior District Judge.
 PER CURIAM:
 
 
 1
 Plaintiff-appellant Edwin Vann appeals the district court's order of October 21, 1988 granting defendant-appellee John Rosch's motion for a new trial and defendant-appellee Citicorp's motion for a directed verdict and conditional motion for a new trial. Because the October 21, 1988 district court order failed to resolve all of the claims of all of the parties to this action, we dismiss this appeal for lack of jurisdiction.
 
 I. Facts and Prior Proceedings
 
 2
 Vann brought this action against Glen Ellyn Savings & Loan Association,[1] Rosch, James Reagin, McRea, Inc., E. Tarrell Hodges, and Harry L. Sugg alleging various state and federal claims arising from a loan made to Vann that Citicorp now owns. Several of the defendants did not participate in the trial. Defendants Hodges and Sugg were dismissed on January 11, 1988 for lack of in personam jurisdiction. On March 3, 1988 the district court entered an order finding Reagin and McRea, Inc. in default. In addition to Vann's complaint, Citicorp brought a counterclaim against Vann seeking to foreclose on the loan. The counterclaim joined Richard Ingman as a counterclaim defendant. In an amended counterclaim, Citicorp added two additional counterclaim defendants. After the district court granted a directed verdict against Vann on his federal claims and some of his state claims, the jury returned a verdict in Vann's favor on his fraud and impairment of collateral claims. The district court then granted Citicorp's motion for a JNOV and conditional new trial and Rosch's motion for a new trial. See District Court Order of October 21, 1988. The district court granted Rosch's motion for a new trial which left Vann's fraud and impairment of collateral claims against Rosch outstanding.
 
 
 3
 While the judgment notwithstanding the verdict entered in favor of Citicorp did resolve all of Vann's claims against Citicorp, the order did not resolve Citicorp's counterclaim against Vann. In addition, the court refused to grant Ingman's motion for a judgment of dismissal for lack of jurisdiction and did not address the claims against the additional counterclaim defendants.
 
 
 4
 The default claims against Reagin and McRea, Inc. also remain unresolved. In the October 21, 1988 order, the district court refused to grant Vann's motion to award damages and ordered a hearing under Federal Rule of Civil Procedure 55(b)(2) to determine the amount of damages. Thus, as to defendants McRea, Inc. and Reagin, the district court was required to conduct an additional hearing on Vann's damage claims against the two defaulting defendants.
 
 
 5
 On December 5, 1988, Rosch moved to dismiss this appeal for lack of jurisdiction arguing that the district court's order granting a new trial on Vann's claims against him prevented the case from becoming final and appealable. A motions panel of this court denied the motion to dismiss on March 7, 1989. After further review of the case with the benefit of oral argument and additional briefing from the parties, we vacate the March 7, 1989 order of the motions panel and dismiss this appeal for want of jurisdiction.[2]
 
 II. Discussion
 
 6
 As noted in the factual introduction, there are three remaining district court "proceedings" to be completed before this case is finished. Each of the three proceedings independently strip this court of its jurisdiction to hear the issues raised by this appeal.
 
 
 7
 The appellant argues that this court has jurisdiction by virtue of 28 U.S.C. § 1291 which gives this court jurisdiction to review the "final decisions" of the district courts in this circuit. While in some cases other sections of Title 28 operate to vest this court with jurisdiction to review certain interlocutory orders, neither the appellant nor the appellees asserts that any provision other than section 1291 even arguably gives this court jurisdiction.
 
 
 8
 Determining that an order is "final" and appealable under section 1291 is sometimes difficult. This court has cautioned against an inflexible approach to jurisdictional questions. See In re Martin Bros. Toolmaker, Inc., 796 F.2d 1435, 1437 (11th Cir.1986). Nevertheless, there are certain guidelines that provide a firm limitation on this court's ability to hear an appeal. In this case, Federal Rule of Civil Procedure 54(b) provides such a limit.
 
 Rule 54(b) provides:
 
 9
 When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
 
 
 10
 Id. (emphasis added). The purpose of this rule is to codify the historic practice of "prohibit[ing] piecemeal disposition of litigation and permitting appeals only from final judgments" except in the "infrequent harsh case" where the district court makes the certification contemplated by the rule.[3] Fed.R.Civ.P. 54(b) advisory committee note to 1946 amendment. Thus, the rule operates to make the district court the "dispatcher" of appeals in multi-party multi-claim actions. In re Yarn Processing Patent Validity Litigation, 680 F.2d 1338, 1339-40 (11th Cir.1982).
 
 
 11
 In applying Rule 54(b), we are first confronted with the presence of the new trial ordered with respect to Vann's claims against Rosch. Vann, relying on this court's previous order, argues that if the court has jurisdiction over a portion of this case it can choose to hear the appeal of the otherwise nonappealable new trial order since the case is then lawfully before the court. Vann points to the district court order entering the JNOV in favor of Citicorp as the final order giving this court jurisdiction over a portion of the appeal. Vann also argues that this appeal will provide a more prompt and efficient disposition of the case since it may obviate the need for a second trial.
 
 
 12
 This argument, however, is not applicable in the context of a Rule 54(b) case. First, the argument assumes that the JNOV ruling is appealable. While it is true that Rule 50(c) operates to prevent the conditional new trial ordered against Vann from destroying the finality of the JNOV, that rule only allows appeal from an order granting a JNOV that is final apart from the conditional new trial. In this case, Rule 54(b) operates to destroy the finality of the JNOV.
 
 
 13
 The cases relied on in support of this argument illustrate this interpretation of the rule. In both Anderson v. Atlanta, 778 F.2d 678 (11th Cir.1985), and Deas v. Paccar, Inc., 775 F.2d 1498 (11th Cir.1985), cert. denied, 475 U.S. 1129, 106 S.Ct. 1658, 90 L.Ed.2d 201 (1986), the orders granting the JNOV motions were final orders disposing of all of the claims against all of the parties. See Anderson, 778 F.2d at 680 (district court granted both defendants' motions for JNOV); Deas, 775 F.2d at 1499 (district court granted both plaintiffs' motions for JNOV in favor of defendant so plaintiffs could immediately appeal district court's order granting defendant's motion for new trial). Thus, when the court decided to review the new trial orders in each of those cases, the court lawfully had the case before it. In addition, the orders granting the JNOV against all of the plaintiffs and in favor of all of the defendants on all claims rendered the orders final.[4]
 
 
 14
 The two other remaining "proceedings" also operate to strip this court of jurisdiction. The presence of an unresolved compulsory counterclaim involving parties not present in this appeal operates to make the judgment appealed from a claim resolving fewer than all of the claims of all of the parties and is therefore not final by virtue of Rule 54(b). See Yarn Processing, 680 F.2d at 1339-40 (court without jurisdiction to review dismissal of cross-claim when initial claims raised in both complaint and counterclaim remain unresolved).
 
 
 15
 Citicorp suggests in its supplemental brief that the district court "severed" the counterclaim from Vann's action. Citicorp argues that this severance renders the counterclaim irrelevant to the determination of the finality of the October 21, 1988 order. While a motion to sever the counterclaim, and a motion to add defendants was made, the record does not contain any evidence of an order granting severance.[5] However, since the jury did not rule on the counterclaim, we assume that there was a decision made to try the actions separately.
 
 
 16
 The basis for that decision, however, remains unclear. The fifth circuit has noted that the term sever is often used without indicating whether a Rule 42(b) separation of trials or a Rule 21 separation of the cases is intended. United States v. O'Neil, 709 F.2d 361, 366 (5th Cir.1983). Different consequences flow from the two rules. Since a Rule 21 severance creates a separate action, Rule 54(b) is not applicable; however, a Rule 42(b) separate trial does not separate the actions. Id. at 368. In a Rule 42(b) case, "the counterclaim continues as part of this 'action[,]' and thus Rule 54(b) leaves us without jurisdiction." Belmont Place Associates v. Blyth, Eastment, Dillion & Co., 565 F.2d 1322, 1323 (5th Cir.1978). After examining the record, we conclude that the court intended to try the actions separately under Rule 42(b).[6]
 
 
 17
 We note that the parties are free to seek an explicit order severing the cases. This order would remove the presence of the unresolved counterclaim issues as a bar to a future appeal.
 
 
 18
 In addition, the district court's order also necessitated a Rule 55(b)(2) hearing to determine damages to be awarded against the defaulting defendants. The refusal of the district court to enter judgment against Reagin and McRea, Inc. is another example of a remaining claim against two remaining parties that prevent the October 21, 1988 order from resolving all of the claims of all of the parties.[7] See Bache & Co. v. Taylor, 458 F.2d 395, 395 (5th Cir.1972)[8] (absence of Rule 54(b) certificate prevents default judgment from becoming final judgment when district court had yet to set damages). Vann argues in his supplemental brief that these remaining proceedings are merely ministerial. While this argument may have some merit, it is foreclosed by the cases noted above.
 
 
 19
 Finally, we note that this case is the perfect example of why Rule 54(b) assigns the dispatcher function to the district court. Instead of certifying this case for appeal, the visiting district court judge expressed his displeasure at the haste with which this case was rushed to trial. In addition, we note that many of the issues that may be raised by the counterclaim are identical to some of the issues raised in this appeal. The problems caused by the rush of this case to trial should not be compounded by the premature appeal appellant now seeks.
 
 
 20
 For the reasons stated in this opinion, this appeal is DISMISSED for lack of jurisdiction and the case is REMANDED to the district for further proceedings.
 
 
 
 *
 Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation
 
 
 [1]
 This court's order of June 27, 1989 substituted [as appellee] Citicorp Savings of Illinois "Citicorp" in place of defendant Glen Ellyn. For the sake of simplicity, the remainder of this opinion refers only to Citicorp rather than distinguishing between the actions of Glen Ellyn and Citicorp
 
 
 [2]
 We note that panels of this court are usually bound by the opinions of prior panels of the court unless the prior opinion is overruled by the court sitting en banc or the Supreme Court. See Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir.1981) (en banc). A motions panel's order, however, does not bind the panel hearing the case on the merits. 11th Cir. Rule 27-1(f)
 
 
 [3]
 In this case, it is undisputed that the certification was not made
 
 
 [4]
 Callaway v. Block, 763 F.2d 1283, 1287-88 n. 6 (11th Cir.1985) and Mercury Motor Express, Inc. v. Brinke, 475 F.2d 1086, 1091 (5th Cir.1973) are also distinguishable. In those cases an order denying a motion for a preliminary injunction was appealed. Section 1292(a)(1) of Title 28 explicitly gives the court jurisdiction over those orders. Thus, as in Anderson and Deas, the court rightfully had jurisdiction over part of the case. The Callaway court proceeded to decide the merits of the case rather than merely review the order denying the preliminary injunction. The court noted, however, that "no relevant facts were at issue." Callaway, 763 F.2d at 1288 n. 6. Similarly, the Mercury Motor court reviewed the district court's order staying the proceedings in addition to its refusal to grant the preliminary injunction. Mercury Motor, 474 F.2d at 1091. The court exercised jurisdiction over the otherwise nonappealable stay order because " 'the case was lawfully before the court of appeals.' " Id. (citing Moore's Federal Practice). In both cases the courts had an independent source of jurisdiction, and in neither case was Rule 54(b) applicable
 
 
 [5]
 In support of this contention Citicorp points to the March 28, 1988 order of the district court allowing Citicorp to file an amended counterclaim. This order was made "pursuant to Rules 19 and 21" of the federal rules. While Rule 21 is the rule allowing severance, it also allows the district court to add parties. The March 28, 1988 order that Citicorp argues severed the counterclaim was prompted by Citicorp's March 9, 1988 motion to add additional counterclaim defendants. Both the motion and the order discuss adding the additional defendants, but neither discusses the severing of the counterclaim. This order did not sever the counterclaim
 The record does reveal that Citicorp did make a motion to sever the counterclaim for a separate trial on February 26, 1988. This motion was made pursuant to Rule 42(b) which allows the court to order separate trials. Citicorp asserted that there was no objection to the motion by the defendants and the record does not reveal any response to the motion from either the court or the plaintiff.
 
 
 [6]
 First, Citicorp's February 26, 1988 motion to sever requested that Vann's affirmative defenses to the counterclaim be tried at the same time as Vann's claims against Citicorp. The separate treatment of the counterclaim and the affirmative defenses, while understandable as a matter of judicial economy, is evidence that the court did not intend to separate the cases under Rule 21. In addition, the district court issued orders on the counterclaim in the same opinion as the main case and did not give a new docket number to the amended counterclaim filed after the March 28, 1988 order. Cf. O'Neil, 709 F.2d at 366-67 (claims found severed under Rule 21 when the district court entered judgment on claims and noted in judgments that counterclaims were severed for separate trials). Finally, in O'Neil the court found that the district court did not suggest "in any way that [the judgments] were not final." Id. at 367. In this case, however, the visiting district court judge "returned" the case for further proceedings. District Court Order of October 21, 1988, at 46
 
 
 [7]
 In the supplementary briefs filed on the jurisdictional question, Vann asked this court to treat his brief as a motion to dismiss Reagin and McRea, Inc. If the court treats this request as a motion to dismiss these defaulting defendants from this appeal, the motion is unnecessary since the defaulting parties are not parties to the appeal. We are unaware of any authority which would authorize the dismissal of a claim against a party by a court of appeals. While we can dismiss appeals, only the district court has authority to dismiss an action and enter a final judgment. In any event, since the counterclaim and the new trial each independently operate to destroy the finality of the district court's October 21, 1988 order, even the dismissal of the defaulting defendants would not save this appeal
 
 
 [8]
 In Bonner, this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. 661 F.2d at 1209