Edwin L. VANN, Plaintiff,

v.

**GLEN ELLYN SAVINGS AND LOAN ASSOCIATION, Defendant.**

**No. 86–171–CIV–T–13(C).**

United States District Court,
M.D. Florida,
Tampa Division.

Oct. 13, 1993.

J. David Pobjecky, Pobjecky & Kuhn, P.A., Winter Haven, FL, and Phillip E. Kuhn, Lakeland, FL, for Edwin L. Vann.

Stephen C. Watson, Hahn, Breathitt & Watson, P.A., Lakeland, FL, for Glen Ellyn Sav. and Loan Ass'n, John F. Rosch.

Fredric G. Novy, Garvey & Novy, Ltd., Chicago, IL, for Glen Ellyn Sav. and Loan Ass'n.

Dennis R. Ferguson, Stagg, Hardy, Ferguson, Murnghan, Tampa, FL, for John F. Rosch.

Michael Minkin, Hermelee, Cowart & Minkin, P.A., Miami, FL, for Citicorp Sav. of

Illinois, successor to Glen Ellyn Sav. and Loan Ass'n.

## ORDER

KOVACHEVICH, District Judge.

THIS CAUSE is before the Court on the Motion for Rule 54(b) Certification to the U.S. Court of Appeals for the Eleventh Circuit filed by the Plaintiff EDWIN L. VANN.

A chief point in controversy in this case at present involves a mortgage foreclosure counterclaim between Defendant/Counterplaintiff CITIBANK, F.S.B., successor to Defendant GLEN ELLYN SAVINGS AND LOAN ASSOCIATION, and Counterdefendants VANN, DOUGLAS MENCHISE, Trustee for the estate of Edwin L. Vann, and RICHARD O. INGMAN. Counterdefendant DOUGLAS MENCHISE was substituted for Plaintiff EDWIN L. VANN when the proceeding was removed to Bankruptcy Court in January, 1991. Counterdefendant RICHARD INGMAN was made a party to the mortgage foreclosure by amendment to the original counterclaim when mortgagor/Plaintiff EDWIN L. VANN quitclaimed the property encumbered by the mortgage to Richard Ingman. Two additional Defendants, JOHN ROSCH, and JAMES REAGIN and McRAE, INC. will also figure in this decision. For the purposes of simplicity, this Court will identify the parties as VANN, MENCHISE, GLEN ELLYN, CITIBANK, ROSCH, REAGIN, McRAE, and INGMAN.

## HISTORY OF THE CASE

This action was removed to federal court on February 13, 1986, and involves Plaintiff VANN's action against GLEN ELLYN and others, alleging both federal and state claims arising from a loan made to VANN that CITICORP now owns. It was tried before visiting Judge Wendell A. Miles, Senior District Judge, in the Middle District of Florida on March 8, 1988. The mortgage foreclosure counterclaim was not tried, counterclaim Defendant INGMAN being added by amendment on March 28, 1988. The counterclaim was found to be compulsory by Judge Miles in his order of October 21, 1988, in that the counterclaim arose out of the same operative facts which served as the basis for Plaintiff VANN's fraud action.

The relief granted by Judge Miles was appealed by Plaintiff VANN to the United States Court of Appeals, Eleventh Circuit, which held on January 16, 1990 that the District Court's order was not final and thus not reviewable. *Vann v. Citicorp Savings of Illinois,* 891 F.2d 1507, (11th Cir.1990). The Court of Appeals found three remaining district court "proceedings" still to be completed: (1) by the District Court's granting of Defendant ROSCH's motion for a new trial, VANN's fraud and impairment of collateral claims against ROSCH were still outstanding, (2) CITICORP's counterclaim against VANN was not resolved, and (3) the District Court had not conducted an additional hearing under FRCP 55(b)(2) to resolve the default claims against Defendants REAGIN & McRAE, Inc. *Vann,* 891 F.2d at 1509. The Court of Appeals also found that the District Court had intended to try the counterclaim separately under Rule 42(b), rather than creating a separate action. *Id.,* at 1511.[1]

Plaintiff VANN subsequently filed a Suggestion of Bankruptcy on October 17, 1990 and all District Court proceedings were stayed in January of 1991, pursuant to 11 U.S.C. § 362. (BK Case No.: 90–10082–8B7) On March 5th, 1993, Bankruptcy Judge Thomas E. Baynes, Jr. entered a Final Judgment in favor of bankruptcy Defendant VANN and refusing an exception to debtor's discharge for bankruptcy to Plaintiff CITIBANK, finding that CITIBANK's reliance on VANN's Financial Statement was not reasonable. CITIBANK filed their Notice of Appeal regarding this Final Judgment on April 8th, 1993, creating yet another case before the Middle District. (DC Case No.: 93–817–CIV–T–21C)

On February 11th, 1993, Bankruptcy Court granted Plaintiff's motion to remand back to

---

1. The Court of Appeals noted that an explicit order severing the case from the counterclaim could be sought by the parties, and that severance would remove the presence of the unresolved counterclaim issues as a bar to a future appeal. *Vann,* 891 F.2d at 1511. To date, no request for severance has been made.

District Court based on Plaintiff's inability to comply with that Court's request to submit a copy of the record of the 1988 District Court trial. (Contrary to Plaintiff MENCHISE's allegations, Plaintiff/Appellant CITIBANK has appealed the final judgment of Judge Baynes and not the remand of the case, since remands are not appealable). Upon remand, the District Court granted the final judgment of foreclosure in favor of Defendant/Counterplaintiff CITIBANK and against Counterdefendant INGMAN on June 10, 1993, for the total amount due of $4,606,057.29, with interest of 12% per year from 2/19/93 forward.

## DISCUSSION

Plaintiff seeks certification of finality of the case pursuant to Federal Rules of Civil Procedure Rule 54(b), in particular of the October 21st, 1988 order of Judge Miles which Plaintiff tried to appeal unsuccessfully once before to the Court of Appeals, Eleventh Circuit. Plaintiff argues that the only unresolved issues before this Court are a pending Motion for Damages against Defendant REAGIN for a previously granted default judgment, and the conditional new trials granted to Defendants GLEN ELLYN and ROSCH. On July 8th, 1993, Plaintiff filed a Notice of Appeal of the Final Judgment of Foreclosure against Counterdefendant INGMAN, and while Plaintiff does not mention this outstanding appeal in his motion for Rule 54(b) certification, this Court assumes he intends to include it in his request.

Plaintiff states that the liability of Defendant ROSCH will be determined by the Court of Appeals decision. This Court disagrees, and reminds Plaintiff that any such determination properly belongs at the level of the trial court and not with the Court of Appeals. Plaintiff also states that to pursue damages against Defendant REAGIN would be "a futile act", and asks for a ruling on the matter. Accordingly, this Court dismisses the claim against Defendant REAGIN. This Court finds no record anywhere in the 16 pages of docket sheets of any Notice of the

Voluntary Dismissal of the case against Defendant REAGIN and McRAE, INC. alleged to by Plaintiff VANN. Therefore this Court will take Plaintiff's motion of July 16th, 1993 as such a request, and dismisses the claim against Defendant REAGIN and McRAE, INC.

Plaintiff also argues that Judge Miles' order of October 21, 1988 granting a conditional new trial for Defendant GLEN ELLYN has been factually, but not judicially, resolved in Bankruptcy Court on the *Langley* issues. *Langley v. F.D.I.C.*, 484 U.S. 86, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987). Defendant alleges that Plaintiff's additional affirmative defenses, filed post-trial, raise issues beyond those referred to in Plaintiff's motion. Defendant states, in addition to these unresolved issues, that the compulsory counterclaim remains unresolved as to Plaintiff VANN. Defendant finally argues that there is a factual overlap between the issues already tried and the counterclaim which makes them into a single claim for *res judicata* purposes.

## CERTIFICATION UNDER RULE 54(b)

A certification under Rule 54(b) must satisfy three prerequisites for the appellate court to obtain jurisdiction.[2] The judgment entered on the certified claim must be final, the claim certified must be separate from the remaining claims, and, contrary to Plaintiff's allegations that the district court is "obligated" to determine that there is no just reason for delay, the determination that there is "no just reason for delay" is left to the sound judicial discretion of the district court. *Curtiss–Wright Corp. v. General Electric Corp.*, 446 U.S. 1, 7–8, 100 S.Ct. 1460, 1465, 64 L.Ed.2d 1 (1980). In a Rule 54(b) inquiry, counterclaims are evaluated as any other claim would be. *Id.*, at 9, 100 S.Ct. at 1465. Because of the fundamental federal policy disfavoring piecemeal appeals, final judgment should not be entered routinely or as a courtesy or accommodation to counsel.

**2.** Federal Rule of Civil Procedure 54(b) provides in pertinent part: When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon express direction for the entry of judgment.

*Id.,* at 10, 100 S.Ct. at 1466. The District Court must assess the facts and weigh the equities presented by the moving party against the preference for avoidance of piecemeal appeals should a Rule 54(b) certificate be granted. *Curtiss–Wright,* 446 U.S. at 9, 10, 100 S.Ct. at 1465, 1466.

■ According to the Advisory Committee Notes, Rule 54(b) was originally adopted "in order to avoid the possible injustice of a delay in judgment of a distinctly separate claim to await adjudication of the entire case". Following *Curtiss–Wright,* it is conceivable that a claim could be certifiable under Rule 54(b) as both separate and final and yet still not be eligible for certification by the District Court due to failure to outweigh the federal policy against piecemeal appeals. It is also equally clear to this Court that the United States Supreme Court expects Rule 54(b) certification to be used sparingly by the District Courts. *Curtiss–Wright,* 446 U.S. at 10, 100 S.Ct. at 1466. With that in mind, this Court turns to consider whether the claims to be certified are final and separate.

### WHETHER THE CLAIM ADJUDICATED IS FINAL

The order of Final Judgment of Foreclosure against Counterdefendant INGMAN, which Plaintiff VANN seeks to appeal, found for Defendant/Counterplaintiff CITIBANK and awarded them property that VANN had quitclaimed to INGMAN which originally secured the mortgage that is the subject of the counterclaim. Although this Court reserved jurisdiction to enter further orders regarding resolution of the issues among the **remaining** parties, there is no question that the order was intended to be final as far as **CITIBANK** and **INGMAN** were concerned.

■ Judge Miles' order of October 21, 1988 granted Defendant CITICORP's motion for a judgment notwithstanding the verdict, and granted both CITICORP and ROSCH conditional new trials. As the Court of Appeals stated when faced with Plaintiff VANN's first attempt at appeal, "while the judgment notwithstanding the verdict entered in favor of CITICORP did resolve all of **VANN's claims** against CITICORP, the order did not resolve **CITICORP's counterclaim against VANN".** *Vann v. Citicorp Savings of Illinois,* 891 F.2d 1507, 1509 (11th Cir.1990). As it stands, the counterclaim is still unresolved as to VANN, as are Plaintiff's outstanding claims against Defendant ROSCH.

This Court finds that the order of October 21, 1988 is a final judgment as to Plaintiff VANN's claims against Defendant CITICORP, thus meeting the finality requirement for certification under Rule 54(b).

### WHETHER THE CLAIM ADJUDICATED IS SEPARATE

But whether the claims adjudicated are separate from the remaining counterclaim is another question. The counterclaim between CITIBANK and INGMAN, standing apart from claims between other parties, is separate as far as the **parties involved** are concerned, but it is **Plaintiff VANN** who seeks to have the outcome certified for appeal. The counterclaim between CITICORP and VANN remains unresolved. In the order dated October 21st, 1988, Judge Miles found the counterclaim to be compulsory, since it arose out of the same operative facts which served as the basis for Plaintiff VANN's fraud action.

■ This Court has no quarrel with Judge Miles' findings. Unlike permissive counterclaims, which must be able to stand alone, compulsory counterclaims require no separate basis for jurisdiction since, under Federal Rule of Civil Procedure Rule 13(a), they arise out of the transaction or occurrence which is the subject matter of the opposing party's claim. Rule 13(i) allows separate judgments on counterclaims in accordance with the terms of Rule 54(b), Federal Rules of Civil Procedure.[3] This Court reads Rule 13(i) to mean that judgment may be rendered on a counterclaim heard at a

---

**3.** Federal Rule of Civil Procedure Rule 13(i) reads as follows: If the court orders separate trials as provided in Rule 42(b), judgment on a counterclaim or cross-claim may be rendered in accordance with the terms of Rule 54(b) when the court has jurisdiction so to do, even if the claims of the opposing party have been dismissed or otherwise disposed of.

trial separate from the opposing party's claim, as long as the court has jurisdiction, even if the opposing party's claim no longer exists.

█ The question is whether a compulsory counterclaim may remain before the Court while the opposing party's claim goes up on appeal. Authority cited in Plaintiff's Motion for Rule 54(b) Certification makes it plain that district courts may certify even compulsory counterclaims. *Cold Metal Process Co. v. United Eng'r & Foundry Co.*, 351 U.S. 445, 446, 452, 76 S.Ct. 904, 905–06, 908–09, 100 L.Ed. 1311 (1956). *Cold Metal Process Co.* states clearly that "if the District Court certifies a final order on a claim which arises out of the same transaction and occurrence as pending claims, and the Court of Appeals is satisfied that there has been no abuse of discretion, the order is appealable". *Id.*, at 452, 76 S.Ct. at 909.

█ The key concern here is whether any appeal in the future on the remaining claims involved in this action would necessarily place the same issues before the Court of Appeals. This sort of piecemeal approach is precisely the problem appellate jurisdictional provisions seek to avoid. The Eleventh Circuit clearly agrees, stating that "a district court can enter a final judgment on an order under Rule 54(b) only if that order completely disposes of a claim." *Howard v. Parisian, Inc.*, 807 F.2d 1560, 1566 (11th Cir.1987).

One of Defendant's arguments against certification involves Affirmative Defenses filed by Counterdefendant MENCHISE, Trustee for the estate of Edwin Vann. As Defendant CITICORP notes, the Affirmative Defenses were filed after the previous trial in District Court. This Court also notes that any involvement by new party Counterdefendant MENCHISE arises directly as a result of Plaintiff VANN's own actions in Bankruptcy Court. Defendant argues that the Affirmative Defenses of II Payment, III Estoppel and IV Fraud raise issues that were part of the resolved claim which Plaintiff now seeks to certify under Rule 54(b).

This Court finds that a factual overlap does exist between these affirmative defenses and the previously resolved claim. It is en-

tirely conceivable to this Court, given the lengthy history of this case, that either or both parties will mount efforts to appeal the outcome of the pending counterclaim. Thus resolution of the counterclaim will more than likely place the same issues before the Court of Appeals if Plaintiff's motion for certification under Rule 54(b) is granted.

Although the counterclaim in *Cold Metal Process Co.* was similar to the counterclaim before this Court in that it was compulsory, this Court takes note that the claim was considered to be in the nature of an ancillary action, bearing a separate case number. *Cold Metal Process Co.*, 351 U.S. at 446, 76 S.Ct. at 905–06. In addition, *Sears, Roebuck & Co. v. Mackey* brings up the possibility that there may be claims "so inherently inseparable from, or closely related to" the claims remaining that to certify the former would be a possible abuse of discretion on the part of the district court. *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436, 76 S.Ct. 895, 900, 100 L.Ed. 1297 (1956).

Comparing the adjudicated claim to the unresolved counterclaim, this Court finds the remaining compulsory counterclaim to be so inextricably bound to the resolved claim that to certify the case under Rule 54(b) would bring this Court precipitously close to the brink referred to in *Sears*. Therefore this Court finds that certification under Rule 54(b), Federal Rules of Civil Procedure, would be improper, as the requested claim does not qualify as a separate "claim of relief". As the Court noted in *Curtiss–Wright*, the question here is close, but "the task of weighing and balancing the contending factors is peculiarly one for the trial judge.." whose assessment merits "substantial deference on review". *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 12, 100 S.Ct. 1460, 1467, 64 L.Ed.2d 1 (1980).

## CONCLUSION

Plaintiff has argued that this case should be certified under Rule 54(b), Federal Rules of Civil Procedure, because (1) of its long history in the courts, and (2) **most** of the unresolved claims which were a prior impediment to prior appellate review are now re-

solved and final. This Court is not persuaded by these arguments.

This Court fails to see how granting Plaintiff's motion for Rule 54(b) certification will materially advance the ultimate termination of this litigation in any way. It is more likely that granting such a request will congest the courts even further than has already been done in this case's seven year history. As the Court of Appeals stated, "many of the issues that may be raised by the counterclaim are identical to some of the issues raised in this appeal". *Vann*, 891 F.2d at 1512. This basic fact is unchanged by the type of appeal mounted by Plaintiff. Granting Rule 54(b) certification in this instance would only result in unnecessary appellate review.

Plaintiff has succeeded in discharging his debt to CITIBANK at Bankruptcy Court level. While Plaintiff's fellow Counterdefendant INGMAN may have valid reasons to seek appellate review, Plaintiff has not shown prejudice **to his interests** sufficiently compelling to outweigh the policy of preventing piecemeal appeals and ensuring prompt disposition of remaining issues. Nowhere does Plaintiff address why an immediate appeal is necessary **to his interests,** or what possible injustice **to his interests** will result in delay. Accordingly, this Court concludes that there are just reasons to delay appeal of the order adjudicating the foreclosure counterclaim.

It is therefore

**ORDERED** that the Defendant's Motion for Rule 54(b) Certification to the U.S. Court of Appeals for the Eleventh Circuit is denied, and that the pending claims against Defendants REAGIN and McRAE, INC. are dismissed.

**DONE and ORDERED.**