**In re THE CELOTEX CORPORATION,**
**Debtor.**

**Asbestos Settlement Trust, Plaintiff,**

**v.**

**State of Utah, Defendant.**

**Bankruptcy No. 90–10016–8G1.**
**Adversary No. 02–183.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

July 25, 2005.

**ORDER ON STATE OF UTAH'S MOTION FOR ENTRY OF AMENDED FINAL SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)**

PAUL M. GLENN, Chief Judge.

**THIS CASE** came before the Court for hearing to consider the Motion for Entry of Amended Final Summary Judgment Pursuant to Federal Rule of Civil Procedure 54(b) filed by the State of Utah.

In the Motion, the State of Utah (Utah) "requests this Court to amend the Final Summary Judgment (State of Utah) which was entered in favor of Utah on or about July 17, 2003, to include an express certification under Rule 54(b) that the judgment is a final judgment and that there is no just reason for delay." (Doc. 305).

**Background**

The Asbestos Settlement Trust (the Trust) commenced this adversary proceeding by filing a Complaint for Declaratory Relief against Utah and seventeen other Defendants. (Doc. 1). The other Defendants included the City of New York, the State of Illinois, and the State of Louisiana.

The Complaint contained six Counts. Count VI was an Action for Declaratory Judgment Regarding Disputed Claims that Are Not Pre–Existing Claims and Not Entitled to the Multiplier. Count VI related only to Utah and the State of Louisiana (Louisiana).

The Trust subsequently filed a Motion for Summary Judgment with Respect to the Asbestos Settlement Trust's Determination Not to Pay Certain Asbestos Property Damage Claims Based on Lack of Entitlement to Multiplier. (Doc. 89). The Motion was directed to Utah, Louisiana, and the State of Illinois (Illinois).

In the Motion, the Trust asserted that only the holders of Category 1(a) and Category 1(b) Claims are entitled to the application of the Multiplier pursuant to Paragraph IV.A.6 of the Asbestos Property Damage Claims Resolution Procedures (APDCRP). Paragraph IV.A.6 provides that "[f]or Category 1(a) and Category 1(b) Claims, Allowed Costs are deemed to be 3.3 times Abatement Costs."

Category 1(b) Claims include "Celotex Pre–Existing Claims," defined as claims filed on behalf of a Claimant who "prior to the Bar Date filed or intervened in a lawsuit in a court of general jurisdiction

against (i) Celotex or Carey Canada ("Celotex Pre–Existing Claimant')." (APDCRP, Paragraph IV.A.30).

The Trust contended that Utah, Louisiana, and Illinois did not file or intervene in a lawsuit within the meaning of the APDCRP, and therefore were not entitled to the application of the Multiplier with respect to the allowed amount of their claims.

In response to the Trust's Motion, Illinois and Utah filed separate Cross–Motions for Summary Judgment with Respect to the Trust's Determination Not to Pay Certain Property Damage Claims Based on Lack of Entitlement to Multiplier. (Docs.184, 185). In its Cross–Motion, Utah asserted that it was "entitled to the Multiplier Allowed Costs with regard to Claim 701–0101–001 in the amount as determined in the Notice of Final Determination dated August 24, 1999, and also as to Claim 701–0102–001 in the amount as determined in the Notice of Final Determination dated April 12, 2000." (Doc. 185, pp. 1–2).

On July 17, 2003, the Court entered an Order on the Trust's Motion for Summary Judgment, and also on the Cross–Motions for Summary Judgment filed by Utah and Illinois. (Doc. 202). The Trust's dispute with Louisiana was resolved prior to the hearing on the Motions.

In the Order entered on July 17, 2003, the Court concluded that the "Trust may not deny payment of the Claims of Illinois and Utah on the grounds that they are not 'Pre–Existing Claims,' as previously determined by the PDCA." (Doc. 202, p. 33). The Court then ordered that:

2. The Cross Motion for Summary Judgment with Respect to the Asbestos Settlement Trust's Determination Not to Pay Certain Asbestos Property Damage Claims Based on Lack of Entitlement to Multiplier, filed by the State of Utah, is granted.

3. The Asbestos Property Damage Claims of the State of Utah, as previously allowed by the Property Damage Claims Administrator, are allowed as Pre–Existing Claims pursuant to Paragraph IV.A.30 of the Third Amended and Restated Asbestos Property Damage Claims Resolution Procedures.

4. The Cross–Motion for Summary Judgment with Respect to the Asbestos Settlement Trust's Determination Not to Pay Certain Asbestos Property Damage Claims Based on Lack of Entitlement to Multiplier, filed by the State of Illinois, is granted, without prejudice to the right of the Asbestos Settlement Trust to continue to assert its objections to the Asbestos Property Damage Claims of the State of Illinois on other grounds.

5. In the event that the Asbestos Property Damage Claims of the State of Illinois are otherwise allowed, such Claims shall be allowed as Pre–Existing Claims within the meaning of Paragraph IV.A.30 of the Third Amended and Restated Asbestos Property Damage Claims Resolution Procedures.

(Doc. 202, p. 34).

Based on the Order entered on July 17, 2003, the Court entered a Partial Summary Judgment with respect to the State of Illinois, which preserved the Trust's right to pursue its objections to Illinois' claims on grounds other than the multiplier issue, but provided that Illinois' claims, if ultimately allowed, were Pre–Existing claims within the meaning of the APDCRP. (Doc. 204).

Based on the Order, the Court also entered a Final Summary Judgment (State of Utah) (Doc. 203). The Final Summary Judgment provided that the "Asbestos Property Damage Claims of the State of Utah, as previously allowed by the Proper-

ty Damage Claims Administrator, are allowed as Pre–Existing Claims pursuant to Paragraph IV.A.30 of the Third Amended and Restated Asbestos Property Damage Claims Resolution Procedures." (Doc. 203, p. 2).

The Trust appealed the Order and Final Summary Judgment (State of Utah) to the United States District Court. (Docs. 228, 229).

On April 29, 2004, the United States District Court for the Middle District of Florida entered an Order dismissing the Trust's appeal of the Judgment in favor of Utah for lack of jurisdiction. (Doc. 298). In its Order, the District Court stated in part:

It is undisputed that the Trust has remaining defenses to the State of Illinois's claims and the State of Illinois has a counterclaim against the Trust. Further, it is undisputed that the City of New York (another party to this adversary proceeding) has unresolved claims against the Trust. Given these remaining claims and counterclaims, the Order was not a final order or final judgment under Rule 54(b). Allowing the Trust and the State of Utah to proceed by themselves with this appeal in such circumstances would only mean that this Court would later have a second appeal between the Trust and the State of Illinois involving the same issues.

(Doc. 298, p. 5). Consequently, the appeal was dismissed for lack of jurisdiction.

In the meantime, on December 24, 2003, this Court entered an Order on the Trust's Motion to Consolidate Certain Adversary Proceedings. (Doc. 277). In the Order, the Court severed all of the Trust's claims against various Property Damage Claimants (excluding Utah and New York City) from the above-captioned adversary proceeding (Adv. Pro. 02–183), and consolidated them into separate proceedings involving only the respective claimants. (Doc. 277).

Later on July 14, 2004, the Court entered an Order Consolidating All Matters Regarding Disputed PD Claims of the City of New York with Pending Contested Matter. (Doc. 302). In that Order, the Court severed all disputes between the Trust and the City of New York from this proceeding, and consolidated them in the contested matter between the Trust and New York City in the main bankruptcy case. Significantly, the Order further provided that "upon entry of this Order, the only Defendant remaining in this adversary proceeding [Adv. Pro. 02–183] shall be the State of Utah." (Doc. 302, p. 2).

In Utah's Motion for Entry of Amended Final Summary Judgment currently under consideration, Utah seeks the amendment of the Final Summary Judgment entered in its favor "to include an express certification under Rule 54(b) that the judgment is a final judgment and that there is no just reason for delay." Specifically, Utah asserts that there "are no common legal or factual issues involved in the claims of Utah and any other unresolved claims remaining in this adversary proceeding." (Doc. 305, Paragraph 13). Consequently, Utah requests that the Court certify the Judgment as final under Rule 54(b), so that the Trust can effect its appeal of the Judgment, and "this case would be at least one step closer to resolution." (Transcript, p. 12).

The Trust filed a written Response in Opposition to Utah's Motion. (Doc. 311). Generally, the Trust asserts that the Motion should be denied, because "the Court cannot reasonably conclude that there is no just reason for delay," and also because the prior order is not dispositive of all of Utah's claims against the Trust.

## Discussion

■ Utah seeks the entry of an Amended Final Summary Judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Rule 54(b), as made applicable to this proceeding by Rule 7054(a) of the Federal Rules of Bankruptcy Procedure, provides:

**Rule 54. Judgments; Costs**

.    .    .    .    .

**(b) Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however, designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims and parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Fed.R.Civ.P. 54(b). "Rule 54(b) reflects the federal policy against piecemeal appeals and waste of judicial resources." *In re Belli*, 268 B.R. 851, 855 (9th Cir. BAP 2001). "The rule attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." *In re Walnut Equipment Leasing Co., Inc.*, 2000 WL 1780341, at *4 (Bankr.E.D.Pa.)(quoting *Philadelphia Electric Co. v. Allis–Chalmers Corp.*, 521 F.2d 360, 363 (3d Cir. 1975)).

"According to the Advisory Committee Notes, Rule 54(b) was originally adopted 'in order to avoid the possible injustice of a delay in judgment of a distinctly separate claim to await adjudication of the entire case.'" *Vann v. Glen Ellyn Savings and Loan Association*, 151 F.R.D. 692, 696 (M.D.Fla.1993). The Rule is "designed to facilitate the entry of a judgment on one or more claims, or as to one or more parties, in a multi-claim/multi-party action." *In re Walnut Equipment Leasing Co., Inc.* 2000 WL 1780341, at *4 (quoting *Philadelphia Electric Co. v. Allis–Chalmers Corp.*, 521 F.2d at 363).

■ The dual purpose of the Rule, therefore, is to avoid piecemeal appeals as a general principle, but to allow the entry of a judgment in particular cases where it would be unjust to withhold a party's right to appellate review. In determining whether a particular case is suitable for certification under Rule 54(b), the inquiry should focus on whether the claims at issue are separate from any other claims in the proceeding, and whether the adjudication is final as between the parties. *Vann v. Glen Ellyn Savings and Loan Association*, 151 F.R.D. at 696.

### I. Separate and final

■ In this case, the Court determines that the Final Summary Judgment entered in favor of Utah on July 17, 2003, is separate and final for purposes of Rule 54(b) of the Federal Rules of Civil Procedure.

#### A. Finality of the judgment

First, it is clear that the application of the Multiplier was the only issue litigated by the Trust with respect to Utah's claim. In its Motion for Summary Judgment, for

example, the Trust expressly alleged that it had "denied payment of the PD Claims submitted by Utah *solely* on the improper application of the multiplier." (Doc. 89, p. 4)(Emphasis supplied). Further, at the hearing on the Motion and Cross–Motions for Summary Judgment, the Trust acknowledged that the multiplier issue was its only basis for denying payment of Utah's claim. At the hearing, the Trust's counsel specifically represented to the Court:

> The two Utah claims that are in dispute: *The Trust, but for the multiplier issue, would and will pay those claims once a final order is entered resolving the multiplier issue, meaning there's no other basis that the Trust seeks to assert to not pay those claims.*

> .   .   .   .   .

> With respect to the other issues, the Trust would say those claims don't satisfy the legal prerequisites for payment and we're not paying them anyway. *But with respect to Utah, this is the only dispute.*

(Transcript, February 19, 2003, hearing, pp. 15–16)(Emphasis supplied). In its Order on the Motion and Cross–Motions for Summary Judgment on the Multiplier issue, the Court determined that Utah's Property Damage Claims were "Pre–Existing Claims" within the meaning of the APDCRP, and were therefore entitled to the application of the multiplier. Consequently, the Court resolved the Trust's "only dispute" with Utah.

Based on the representations of the Trust that the Multiplier issue was the only issue contested with respect to Utah's claims, the Court entered the Final Summary Judgment in favor of Utah. (Doc. 203).

## B. Separate from other claims

Second, the Final Summary Judgment (State of Utah) is clearly "separate" from all other claims in this proceeding. This conclusion is evident from the procedural history of this case.

The above-captioned adversary proceeding (Adv. Pro. 02–183) was originally commenced as a multi-party, multi-claim lawsuit. As set forth above, for example, the Trust named eighteen Defendants in its initial Complaint, and set forth six separate Counts or causes of action.

As the litigation progressed, however, various procedural orders were entered at the parties' request that severed all of the Defendants except Utah from this proceeding. On December 24, 2003, for example, the Court entered an Order on a procedural motion filed by the Trust, in which the Court determined, "and the parties agreed, ... to combine all of the Disputed PD Claims for each defendant into a separate adversary proceeding involving only that defendant, with the exception that all of the Disputed PD Claims of Township 207 and Township 211 will be combined into a separate adversary proceeding." (Doc. 277, pp. 2–3).

As a result of that Order, the Trust's claims against Illinois and all of the other Defendants—except the City of New York and Utah—were severed from Adv. Pro. 02–183, and placed in separate adversary proceedings. As of the entry of the Order dated December 24, 2003, therefore, the only two Defendants remaining in the above-captioned adversary proceeding were Utah and the City of New York.

Approximately six months later, however, on July 14, 2004, the Court entered an Order Consolidating All Matters Regarding Disputed PD Claims of the City of New York with Pending Contested Matter. (Doc. 302). Pursuant to the Order, "all

matters arising out of or relating to the NYC Disputed Claims" were severed from Adv. Pro. 02–183, and consolidated into the contested matter between the Trust and New York City in the main bankruptcy case.

Significantly, the Order entered on July 14, 2004, also specifically provided that "upon entry of this Order, the only Defendant remaining in this adversary proceeding shall be the State of Utah." The Order further provided that the style of the proceeding would be revised to reflect Utah as the sole Defendant. (Doc. 302).

### C. Conclusion

The only Defendant remaining in this proceeding is Utah. As a result of Orders entered in this case, all of the other Defendants have been severed and removed to other proceedings or contested matters. Further, the only claim in this proceeding is the Trust's assertion that Utah is not entitled to the application of the Multiplier. The Trust has acknowledged that it has not declined payment of Utah's claim on any basis other than the Multiplier issue.

The Final Summary Judgment (State of Utah) entered on July 17, 2003, relates only to Utah and only to the Multiplier issue. Consequently, the Final Summary Judgment disposes of the only issue against the only Defendant in this proceeding.

The Final Summary Judgment (State of Utah) is a separate and final judgment for purposes of Rule 54(b) of the Federal Rules of Civil Procedure.

### II. No just reason for delay

Rule 54(b) authorizes the Court to direct the entry of a final judgment "only upon an express determination that there is no just reason for delay." Fed. R.Civ.P. 54(b). A determination of whether there is "no just reason for delay" is reserved to the sound discretion of the Court. *Resolution Trust Corporation v. Gallagher,* 1993 WL 359953, at *1 (N.D.Ill.). See also *In re Bulldog Trucking, Inc.,* 1993 WL 787512, at *3 (Bankr. W.D.N.C.). A key factor in the determination is whether the delay would create a hardship or injustice on one of the parties that could be alleviated by an immediate appeal. *One Hundred Pearl Ltd. v. Vantage Securities, Inc.,* 1997 WL 401670 (S.D.N.Y.).

In this case, the Court finds that there is "no just reason for delay," and that the Court should direct the entry of a final judgment in this adversary proceeding.

As set forth above, the Trust continues to litigate the Multiplier issue with only two Property Damage Claimants: Utah and Illinois.

Contemporaneously with the Final Summary Judgment in favor of Utah, the Court also entered a Partial Summary Judgment in favor of Illinois. After the entry of the Judgments, however, the claims of Illinois were consolidated into a separate adversary proceeding identified as Adv. Pro. 02–523. On September 30, 2004, the Court entered an Order Granting Illinois' Motion for Summary Judgment, and also a Final Summary Judgment in favor of Illinois on all of the Trust's grounds for nonpayment of Illinois' claims. (Adv. Pro. 02–523, Docs. 57, 58).

One month later, on October 28, 2004, the Trust and Illinois filed a Joint Stipulation and Motion for Approval of Amended Final Judgment and Entry of an Order Staying Execution by the Asbestos Settlement Trust and the State of Illinois. (Adv. Pro. 02–523, Doc. 68). Pursuant to the Stipulation, the Trust and Illinois agreed to the entry of an Amended Final Judgment incorporating all of the Court's prior rulings on Illinois' claims, and also agreed

to the finality of the Amended Final Judgment for purposes of review on appeal. The stipulated Amended Final Judgment was entered on November 2, 2004. (Adv. Pro. 02–523, Doc. 69).

The Trust filed a Notice of Appeal of the stipulated Amended Final Judgment on November 3, 2004, and the record was subsequently transmitted to the United States District Court. (Adv. Pro. 02–523, Docs.70, 85). On June 3, 2005, the District Court entered an Order granting the Trust's Motion to stay the appellate proceedings. According to the Order, the appeal of Illinois' claim is stayed until the resolution of the Trust's separate appeal of the City of New York's claims that is presently pending before the Eleventh Circuit of Appeals.

Under these circumstances, the Court finds that there is no just reason to delay the entry of a final judgment in favor of Utah in this proceeding.

The only issue involved in the Trust's failure to pay Utah's claim is the application of the Multiplier. The only other proceeding that involves the Multiplier issue is the Trust's dispute with Illinois. An Amended Final Judgment has been entered in the Illinois proceeding that covers all of the Trust's objections to Illinois' claims, including the Multiplier issue, and that Judgment was appealed to the District Court. Consequently, the only other proceeding that involves the same issue as Utah's claim has already reached the appellate level by stipulation with the Trust.

Under these circumstances, the Court finds that an injustice would occur if Utah were not placed in the same procedural posture as Illinois with respect to the same substantive issue. In other words, it would be unfair to prevent Utah from reaching the same appellate status as Illinois without delay, so that both claimants can proceed simultaneously when a decision is rendered by the Eleventh Circuit Court of Appeals with respect to the New York claims.

The potential for injustice constitutes grounds for determining that there is "no just reason for delay" within the meaning of Rule 54(b) of the Federal Rules of Civil Procedure, and the Court should therefore direct the entry of a final judgment in favor of the State of Utah.

### Conclusion

The State of Utah "requests this Court to amend the Final Summary Judgment (State of Utah) which was entered in favor of Utah on or about July 17, 2003, to include an express certification under Rule 54(b) that the judgment is a final judgment and that there is no just reason for delay." (Doc. 305).

The Court finds that Utah's Motion should be granted because (1) the Final Summary Judgment entered on July 17, 2003, is separate and final for purposes of Rule 54(b), and also because (2) there is no just reason for delaying the entry of a final, appealable judgment, given the injustice that may result if the requested relief is denied.

Accordingly:

**IT IS ORDERED** that:

1. The Motion for Entry of Amended Final Summary Judgment Pursuant to Federal Rule of Civil Procedure 54(b), filed by the State of Utah, is granted.

2. A separate Amended Final Summary Judgment shall be entered pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, and the Amended Final Summary Judgment shall include an express determination that it is a final, appealable judgment, and that there is no just reason for delay.