[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10450

_____

BRUCE MUNRO,
BRUCE MUNRO, LTD.,

Plaintiffs-Appellants,

*versus*

FAIRCHILD TROPICAL BOTANIC GARDEN, INC.,
NIGHT GARDEN, LLC,
KILBURN LIVE, LLC,
ZHONGSHAN G-LIGHTS LIGHTING CO., LTD.,
NANNETTE M. ZAPATA, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-20079-AHS

_____

Before BRANCH and LUCK, Circuit Judges, and BERGER,[*] District Judge.

PER CURIAM:

Bruce Munro creates large-scale, light-based art installations. Fairchild Tropical Botanic Garden in Coral Gables, Florida, hosted *NightGarden*—a large-scale, light-based art installation—over two winter seasons from November 2018 to January 2020. Munro believes that *NightGarden* copied his art installations. So he and his studio, Bruce Munro, Ltd., sued the entities who designed and hosted *NightGarden* and their officers (we'll call them the *NightGarden* defendants)—as well as Chinese light manufacturer and seller Zhongshan G-Lights Lighting Co., Ltd.—for copyright infringement and for violations of the Digital Millennium Copyright Act.

The *NightGarden* defendants appeared and answered. G-Lights didn't, however. The clerk of court entered a default against G-Lights, but Munro never moved for entry of default judgment.

---

[*] The Honorable Wendy Berger, United States District Judge for the Middle District of Florida, sitting by designation.

Munro's claims against the *NightGarden* defendants were then resolved against him at summary judgment. Both the district court's summary-judgment order and its entry of judgment in the *NightGarden* defendants' favor expressly excluded G-Lights. This is Munro's appeal of the summary-judgment order.

"As a court of limited jurisdiction, we may exercise appellate jurisdiction only where 'authorized by Constitution and statute.'" *Jenkins v. Prime Ins.*, 32 F.4th 1343, 1345 (11th Cir. 2022) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "By statute, Congress has authorized us to review 'final decisions of the district courts.'" *Id.* (quoting 28 U.S.C. § 1291). But Federal Rule of Civil Procedure 54 is clear that a judgment that "adjudicates . . . the rights and liabilities of fewer than all the parties" to an action isn't final unless the district court directs entry of final judgment after "expressly determin[ing] that there is no just reason for delay." Fed. R. Civ. P. 54(b); *see also Arango v. Guzman Travel Advisors*, 761 F.2d 1527, 1530 (11th Cir. 1985) ("Without the presence of a certificate under [f]ederal [r]ule 54(b), the final decision rule ordinarily operates to permit an appeal only from a judgment that finally determines all claims as to all parties." (citations omitted)).

Here, because Munro never moved for—and the district court never entered—a default judgment, Munro's claims against G-Lights remain pending. The district court didn't "adjudicate[] . . . the rights and liabilities of . . . all the parties" to the action. *See* R. 54(b). Nor did the district court "expressly determine[] that there [wa]s no just reason for delay[ing]" entry of final

judgment.  *See id.*  The judgment in favor of the *NightGarden* defendants thus wasn't final—and, as a result, we lack appellate jurisdiction.

Munro conceded this at oral argument.  But the *NightGarden* defendants argued that we can still entertain Munro's appeal for two reasons.

First, as to Munro's claims against G-Lights that were "intertwined" with his claims against them, the *NightGarden* defendants asserted at oral argument that the district court had to refrain from entering judgment against G-Lights under *Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499 (11th Cir. 1984).  In *Gulf Coast Fans*, we held that the district court abused its discretion in refusing to set aside a default judgment in part because, where defendants either are alleged to be jointly liable or are "similarly situated" with respect to available defenses, "judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits."  *Id.* at 1512 (first citing *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872); and then citing C. Wright & A. Miller, *Fed. Prac. & Proc.*, § 2690 (additional citations omitted)).  The motivating concern is for "incongruous and unfair" judgments against different defendants on intertwined claims.  *Id.*; *see also Drill S., Inc. v. Int'l Fid. Ins.*, 234 F.3d 1232, 1237 n.8 (11th Cir. 2000) ("*Frow* held that where multiple defendants are jointly liable, it would be 'incongruous' for judgment to be entered against a defaulting defendant prior to the decision on the merits as to the remaining

defendants.  Nevertheless, *Frow* has been interpreted to apply only when there is a risk of inconsistent adjudications." (citations omitted)).

But *Gulf Coast Fans* didn't address the jurisdictional issue we have here regarding the impact of pending claims against a defaulting defendant on a judgment's finality—and so *Gulf Coast Fans* isn't precedent on our jurisdictional issue.  *See, e.g.*, *Kondrat'yev v. City of Pensacola*, 949 F.3d 1319, 1325 n.2 (11th Cir. 2020) ("[T]he Supreme Court has rejected the suggestion that . . . implicit 'drive-by jurisdictional rulings'"—when a court reaches a case's merits without first considering its jurisdiction—"carry any 'precedential effect.'" (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 91 (1998))). Plus, not all of Munro's claims against G-Lights were "intertwined" with his claims against the *NightGarden* defendants.  Munro alleged infringement of two art installations (*Brass Monkeys* and *Water-Towers*) only by G-Lights.  And he alleged that G-Lights violated the Digital Millennium Copyright Act by using, on its sales websites, images of numerous installations not implicated in his claims against the *NightGarden* defendants.  So, even if *Gulf Coast Fans* applies to some of Munro's claims against G-Lights, it doesn't apply to all of them—meaning *Gulf Coast Fans* cannot fully cure the jurisdictional problem here.

The *NightGarden* defendants admitted, at oral argument, that Munro alleged these "separate" (that is, not "intertwined") claims against G-Lights.  But they argued, second, that although "the district court erred by not formally tying up the loose end of

entering final judgment" as to these claims, that error didn't impact our jurisdiction because "[t]he case law is clear that the appropriate remedy . . . is not vacatur[] but remand solely on the narrow issue of entering final judgment regarding the default[ing] party." The *NightGarden* defendants point to *Arango* and to *Coquina Investments v. TD Bank, N.A.*, 760 F.3d 1300 (11th Cir. 2014). But those cases involved exceptional circumstances in which the district court had already quantified damages owed by a defaulting defendant, leaving only the ministerial task of entering judgment in that amount. *See Arango*, 761 F.2d at 1531 ("The extent of damages now being determined, we see no obstacle preventing entry of default judgment. . . . The only missing item is an entry of judgment against two parties who have never entered an appearance in this lawsuit from the time it was removed to federal court in 1978. . . . [U]nder the circumstances of this case, the absence of the default judgment does not require dismissal."); *Coquina Invs.*, 760 F.3d at 1306–08 & n.6 (concluding the same, "under the circumstances of this case" in which a jury had already awarded damages for claims arising from the same fraud scheme against the non-defaulting codefendant).

Those exceptional circumstances aren't present here. The district court hasn't yet determined damages against G-Lights, and so remand wouldn't be "on the narrow issue of entering final judgment"; it would involve adjudication of damages and *then* entry of judgment against G-Lights. That cuts against the very purpose of the final judgment rule: "prohibit[ing] piecemeal disposition of litigation" potentially requiring us to revisit overlapping issues in staggered appeals. *Vann v. Citicorp Sav. of Ill.*, 891 F.2d 1507, 1509–

10, 1512 (11th Cir. 1990) (citation omitted). We therefore conclude that the finality exception invoked in *Arango* and *Coquina Investments* doesn't apply. *Cf. id.* at 1511–12 (citing *Bache & Co. v. Taylor*, 458 F.2d 395, 395 (5th Cir. 1972), parenthetically for the proposition that the "absence of [a r]ule 54(b) certificate prevents [a] default judgment from becoming [a] final judgment when [the] district court ha[s] yet to set damages").

In sum, the district court's judgment in favor of the *NightGarden* defendants wasn't final because Munro's claims against G-Lights remain pending. And neither of the *NightGarden* defendants' asserted finality exceptions cures the jurisdictional deficiency. We therefore dismiss Munro's appeal for lack of appellate jurisdiction. We accordingly DENY AS MOOT Munro's pending motion to dismiss G-Lights as a party to the appeal, which we earlier carried with the case.

**APPEAL DISMISSED.**